IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| JAMES K. TRACY,<br><br>        Plaintiff,<br>v.<br><br>JEFF STEPHENS, JON RITCHIE, JAN BURRELL, DEAN OBORN, DOUGLAS HURST, JANIS CHRISTENSEN, PAUL WIDDISON, BRUCE JARDINE and WEBER SCHOOL DISTRICT,<br><br>        Defendants,<br><br>ALENA ERICKSEN and MIKEL BROWN,<br><br>        Consolidated Plaintiffs,<br>v.<br><br>REID NEWEY, JOHN ROBISON, MARIE STEVENSON, LIZ MUMFORD, JULIE TANNER, BRIGHT GERRARD, GORDON ECKERSLEY, CHERYL PHIPPS, and DAVIS SCHOOL DISTRICT,<br><br>        Consolidated Defendants | REPORT & RECOMMENDATION<br><br><br>Case No. 1:21-cv-00152-TC-CMR<br>Member Case No. 1:21-cv-00153-TC<br><br><br>Judge Tena Campbell<br><br>Magistrate Judge Cecilia M. Romero |

      The consolidated cases are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 30). Before the court is Plaintiffs James K. Tracy, Alena Erickson, and Mikel Brown's (collectively, Plaintiffs) Motion to Amend (Motion) (ECF 64) the Amended Complaint (ECF 39). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and decides this matter on the written memoranda. *See* DUCivR 7-1(g). The undersigned RECOMMENDS that the court DENY Plaintiffs' Motion and DISMISS Plaintiffs' case with prejudice for the reasons herein.

1

I.     BACKGROUND

The court refers to its August 8, 2022, Report and Recommendation (Recommendation) (ECF 59) detailing this case's complicated and long procedural history, which the court will not repeat herein. The Recommendation recommended that the court dismiss all of Plaintiffs' claims in the Amended Complaint (ECF 39) with prejudice except for "Count One's § 1983 action attempting to allege claims under the First, Fourth, Thirteenth, and Fourteenth Amendments" and Plaintiffs' state constitutional claims—these were dismissed without prejudice (*id.* at 28). Despite Plaintiffs' objections (ECF 60) to the Recommendation, the court issued a Memorandum Decision and Order (ECF 63) adopting the Recommendation and granting Plaintiffs leave to file a proper motion to "amend their amended Complaint by November 23, 2022" only as to Plaintiffs' First, Fourth, Thirteenth, and Fourteenth Amendment Claims and any other State Constitutional claims (*id.* at 27). Plaintiffs filed the Motion (ECF 64) with the Proposed Second Amended Complaint (the Second Amended Complaint) (ECF 64-1) on November 17, 2023. The court then received a timely Opposition (ECF 68) to the Motion from all Defendants.

Plaintiffs move under Federal Rule of Civil Procedure 15 and argue that a more liberal standard applies because the amendment was permitted by the court and the Motion was timely filed (ECF 64 at 2). Despite the Second Amended Complaint not complying with Local Rule of Practice 15-1 as a redline version of the proposed amended complaint was not attached, the court proceeds to review the Second Amended Complaint (ECF 64-1). Plaintiffs summarize the proposed edits to the Second Amended Complaint in their Motion as seeking to add Richard Saunders (Mr. Saunders) "in his official capacity as, at the time, interim director of the Utah Department of Health as an additional defendant, and to supplement their Complaint with new facts, a Public Health Order, and two new claims related to the Public Health Order that go directly

2

to the heart of the alleged constitutional violations of the school district defendants" (ECF 64 at 4). Plaintiffs allege "Richard Saunders, was the mechanism by which the defendant school districts used to justify the chilling and denial of Plaintiff's constitutionally secured rights" and that the Second Amended Complaint "would not cause undue prejudice to Defendants as the individual school district defendants are being removed as defendants going forward" (*id.* at 4–5).

In summary, the Second Amended Complaint is brought only against Defendants Weber School District and Davis School District (the School District Defendants) (ECF 64 at 4), adds Richard Saunders as a defendant in his official capacity (*id.*), and asserts amended claims under: (1) the Free Exercise Clause of the First Amendment, (2) the Substantive Due Process Clause of the Fourteenth Amendment, (3) the Equal Protection Clause of the Fourteenth Amendment, (4) an unconstitutional delegation of legislative power under Article V § 1 of the Utah State Constitution, and (5) an unconstitutional exercise of legislative power under Article V § 1 of the Utah State Constitution[1] (ECF 64-1 at 14–20).

School District Defendants argue the court should deny the Motion because "the proposed amendments would be futile" (ECF 68 at 2). School District Defendants first argue that Plaintiffs' Second Amended Complaint does not meet the pleading standard for a § 1983 claim as it impermissibly groups parties together and fails to "make clear exactly who is alleged to have done what to whom, . . . as distinguished from collective allegations" (*id.* at 3–4 (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013))). Secondly, the School District Defendants argue that under the futility standard for motions to amend, Plaintiffs' Second Amended Complaint fails to state a plausible claim under the free exercise clause of the First Amendment, the substantive

---

[1] The undersigned notes that the header of the fifth claim in the Second Amended Complaint cites to Article V § 1 of the Utah State Constitution, but that the substance of the claim cites to Article VII of the Utah State Constitution. Regardless of which article of the Utah State Constitution Plaintiffs seek to bring this claim under, as discussed below, this distinction does not change the analysis of the court.

3

due process and equal protection clauses of the Fourteenth Amendment, or any other state constitutional cause of action (ECF 68 at 4–9).

The court addresses the arguments in turn below.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The district court has 'wide discretion to recognize a motion for leave to amend in the interest of a just, fair or early resolution of litigation.'" *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999)). "Refusing leave to amend is generally only justified upon a showing of (1) undue delay, (2) undue prejudice to the opposing party, (3) bad faith or dilatory motive, (4) failure to cure deficiencies by amendments previously allowed, or (5) futility of amendment." *Id.* (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. *E.g., Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008). When ruling on a motion to dismiss, a court takes all well-pleaded factual statements as true and regards them in a light most favorable to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (citing *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005)). Dismissal is fitting when, viewing those facts as true, a plaintiff has not posed a "plausible" right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008). Plaintiff has the burden "to frame a 'complaint with enough factual matter (taken as true) to suggest'" entitlement to relief. *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil rights complaint contains "bare

assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," a court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (quoting *Twombly*, 550 U.S. at 554–55).

"Dismissal under 12(b)(6) is generally with prejudice where amending would be futile." *Swallow v. South Jordan City*, No. 2:14-cv-00881-DN, 2017 WL 2656115, at *8 (D. Utah June 20, 2017) (citing *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006)). The Tenth Circuit has upheld dismissals with prejudice for failure to cure pleading deficiencies on the grounds of futility of amendment. *See Fuentes v. Chavez*, 314 F. App'x 143, 145 (10th Cir. 2009) (concluding that "another opportunity to amend would be futile" where the district court told the plaintiff "plainly to add more facts," yet he failed to do so); *Ngatuvai v. Breckenridge*, 446 F. App'x 129, 130 (10th Cir. 2011) (concluding that "dismissal with prejudice was appropriate because [the plaintiff] had been afforded ample opportunity to cure the deficiencies in his . . . complaint"). "There is a limit to how many bites even a pro se plaintiff can have at the apple." *Fuentes*, 314 F. App'x at 145.

In undertaking this analysis, the court is mindful that Plaintiffs are acting pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *id.*, and Plaintiffs' *pro se* status "does not excuse the obligation . . . to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure." *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994).

5

### III.     DISCUSSION

**A.     Plaintiffs have failed to state a plausible claim under the Free Exercise Clause of the First Amendment.**

The first claim for relief in the Second Amended Complaint is under the Free Exercise clause of the First Amendment (*see* ECF 64-1 at 14). The First Amendment, applicable to the States through the Fourteenth Amendment, provides that "Congress shall make no law . . . Abridging the freedom of speech." *Virgina v. Black*, 538 U.S 343, 358 (2003). The First Amendment's Free Exercise Clause applies if the law at issue discriminates against some or all religious beliefs or regulates or prohibits conduct because it is undertaken for religious reasons. *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 532, (1993). To evaluate a claim under the Free Exercise Clause, the court must be able to examine whether the object of a law is to infringe upon or restrict practices because of their religious motivation. *Id.* The legal test to apply is then determined by whether the law is facially neutral or not. *Id.*

Liberally construing Plaintiffs' Second Amended Complaint (ECF 64-1), Plaintiffs argue "their right to freedom of religion" was violated as they were being "forced to practice in unwanted and unwarranted religious practices" set forth by the School District Defendants (*id.* at ¶ 2). These practices relate to the School District Defendants' Mask Mandates (*id.* at ¶ 5). Further, Plaintiffs argue that School District Defendants' "failure to adequately train and supervise its employees" was the force behind their alleged suffered First Amendment right violations (*id.* at ¶ 3).

Plaintiffs also allege that there was "no exemptions ... on the basis of religious grounds" for those who did not want to participate in the Mask Mandate (*id.* at ¶ 50). That Plaintiffs and their children "felt that it was not right to be compelled to participate with the Mask Mandate as it violated their deeply held religious convictions" (*id.* at ¶ 49). That they suffered from "rights to freedom of religion, viewpoint based in violation of the First Amendment" as they were forced to

6

participate in "undiagnosed medical procedures that was the public policy from non-governmental agencies" (*id.* at ¶ 73). And that the "School District Defendants' mandate to have their students wear a face mask at all times" does not withstand constitutional scrutiny (*id.* at ¶ 79).

Although Plaintiffs seem to add more context to their alleged First Amendment claim, the Second Amended Complaint suffers from similar flaws as the Amended Complaint (*see* ECF 63 at 11). Notwithstanding any additional context added by Plaintiffs, the Second Amended Complaint still lacks sufficient facts for the court to engage in the required analysis. Plaintiffs again blanketly assert that the Mask Mandate "violated their deeply held religious convictions" (ECF 64-1 at ¶ 49). Yet Plaintiffs once again fail to identify any religious practices being infringed or restricted by the Mask Mandate. *Hialeah*, 508 U.S. at 533. Plaintiffs also again fail to identify any provisions or regulations used by the School District Defendants to target any such religious practices. *Id.* The allegations in the Second Amended Complaint are nothing more than conclusory statements. *See Denis v. Ige*, 538 F. Supp. 3d 1063, 1076 (D. Haw. 2021) (dismissing a free exercise claim when a complaint fails to "identify the [plaintiff's] religion" and "does not describe the tenets of that religion or explain how the Mask Mandates affect any religious practice"); *Bush v. Fantasia*, No. 21-cv-11794, 2022 WL 4134501, at *6 (D. Mass. Sept. 12, 2022) (holding that a "mere vague allegation that mask mandates violate their religion is not enough to survive even the most generous pleading standard"). The court previously detailed these deficiencies in the Recommendation (ECF 59) and again in the Order and Memorandum adopting the Recommendation (ECF 63). Because Plaintiffs failed to cure the deficiencies, the court finds that the proposed amendments to Plaintiffs' First Amendment claims are futile and recommends the claim be dismissed with prejudice.

### B.     Plaintiffs fail to allege a plausible claim under the Fourteenth Amendment.

"The Fourteenth Amendment forbids 'any State [from] depriv[ing] any person of life liberty, or property without due process of law." *Shively v. Utah Valley Univ.*, No. 20-4088, 2022 WL 1021614, at *2 (10th Cir. April 6, 2022) (citing U.S. Const. amend. XIV, § 1). In the Second Amended Complaint Plaintiffs assert substantive due process rights violations (*i.e.*., alleging forced unwanted medical treatments) (ECF 64-1 at ¶ 83) through the second claim for relief and equal protection violations (*i.e.,* favoring and compelling experimental medical treatments for an undiagnosed diseases) (*id.* at ¶ 95) through the third claim for relief under the Fourteenth Amendment. As Plaintiffs were previously informed in the Recommendation (ECF 59) and Order and Memorandum adopting Recommendation (ECF 63), they must do more than state conclusory allegations to allow the court to draw a reasonable inference that Defendants are liable for misconduct. *Iqbal*, 556 U.S. at 681. Despite the court granting leave to amend the Amended Complaint, Plaintiffs have again failed to meet the pleading standard above. As discussed below, the undersigned recommends dismissal of both Fourteenth Amendment claims with prejudice.

   1.     *Substantive Due Process*

The doctrine of substantive due process extends protections to fundamental rights in addition to the specific freedoms protected by the Bill of Rights. To qualify as "fundamental," a court must determine if the right is "'deeply rooted in [our] history and tradition' and whether it is essential to this Nation's 'scheme of ordered liberty.'" *Dobbs v. Jackson Women's Health Org.*, 213 L. Ed. 2d 545, 142 S. Ct. 2228, 2235 (2022) (quoting *Timbs v. Indiana*, 139 S.Ct. 682, 686, 203 L.Ed.2d 11 (2019)). "In interpreting what is meant by 'liberty,' the Court must guard against the natural human tendency to confuse what the Fourteenth Amendment protects with the Court's own ardent views about the liberty that Americans should enjoy." *Id.*

8

Plaintiffs' substantive due process claim alleges the School District Defendants deprived them "of their right to medical autonomy in violation of the Fourteenth Amendment as applied to the states and their political subdivisions" by forcing them "to participate in undiagnosed medical procedures that was the public policy from non-governmental agencies" (ECF 64-1 at ¶¶ at 81, 86). Plaintiffs also allege that the U.S. Constitution protects them from "unwanted medical treatments" and that Plaintiffs and other students in the School Districts were chilled "from further participation in school activity" if they chose not to follow the Mask Mandate (*id.* at ¶¶ 82–4).

Although Plaintiffs cite to their right to medical autonomy, the Second Amended Complaint still suffers from similar pleading shortcomings as the Amended Complaint. Plaintiffs have once again failed to describe facts tied the conduct of the School District Defendants to meet the high bar of pleading a fundamental right violation (*see* ECF 63 at 16). Even construing as true Plaintiffs' assertion that the School District Defendants forced them "to participate in undiagnosed medical procedures that was the public policy from non-governmental agencies," there are allegations in the Second Amended Complaint directly contradicting these statements. For example, the Second Amended Complaint states that former Governor Gary R. Herbert's issuance of "Executive Order 2020-1" gave Mr. Saunders the power to sign the public health order in question (ECF 64-1 at ¶¶ 27–30). Thus, Plaintiffs are alleging that the public health order in question was an exercise of the State's governing power and not a result of public policy by non-governmental agencies. The Second Amended Complaint also states that those who did not wish to follow the Mask Mandate could continue taking online classes (*id.* at ¶ 51). Because of this, the court finds that Plaintiffs have failed to adequately plead a claim for a fundamental right violation.

Moreover, this and other courts have found that the right to medical autonomy in this and similar contexts is not fundamental. *Klaassen v. Trustees of Indiana Univ.*, 7 F.4th 592, 593 (7th

9

Cir. 2021) (holding that a requirement to wear a mask is "not constitutionally problematic"); *Griner v. Biden*, No. 2:22-cv-149-DAK-DBP, 2022 WL 7501065, *at 7–9 (D. Utah Oct. 13, 2022) (holding that a COVID vaccine mandate does not implicate fundamental rights); *Jacobson v. Mass.*, 197 U.S. 11 (1905) (government may require all members of the public to be vaccinated against smallpox). The court therefore finds that Plaintiffs have failed to properly plead a fundamental right violation by any defendant.

Because Plaintiffs assert a substantive due process violation of a non-fundamental right, the challenged law need only survive rational basis review to be constitutional. *Dias v. City & Cnty. Of Denver*, 567 F.3d 1169, 1181–82 (10th Cir. 2009) (citing *Washington v. Glucksberg*, 521 U.S. 702 (1997)). The court once again finds that the laws at issue survive rational basis review as they were rationally related to the legitimate government purpose of reducing the spread of COVID-19. *Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020) ("Stemming the spread of COVID-19 is unquestionably a compelling interest.").

Plaintiffs have failed to adequately plead a violation to a fundamental right or non-fundamental right and the enacted and implemented policies are rationally related to a legitimate government interest. The court therefore cannot plausibly infer that the School District Defendants violated Plaintiffs' substantive due process rights. The court previously informed Plaintiffs of these pleading deficiencies (ECF 63 at 15–18) which they have failed to remedy. The court therefore recommends these claims be dismissed with prejudice.

    2.  *Equal Protection*

The Equal Protection Clause of the Fourteenth Amendment provides that no state shall make or enforce a law that "den[ies] to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. It "creates no substantive rights. Instead, it embodies a general

rule that States must treat like cases alike but may treat unlike cases accordingly." *Teigen v. Renfrow*, 511 F.3d 1072, 1083 (10th Cir. 2007) (citing *Vacco v. Quill*, 521 U.S. 793, 799 (1997)). The Equal Protection clause directs that all persons similarly situated should be treated alike.

In Plaintiffs' third claim for relief, Plaintiffs allege that the "favoring and compelling experimental medical treatments for an undiagnosed disease" regarding the School Defendants mask mandate "have violated the Equal Protection Clause of the Fourteenth Amendment" (ECF 64-1 ¶ at 95). Even construing these allegations liberally, nothing stated in the Second Amended Complaint suggests that an equal protection claim is implicated. Plaintiffs' conclusory allegations that the School District Defendants favored and compelled "experimental medical treatment for an undiagnosed disease" offer no factual substance as to any discrimination Plaintiffs suffered under the equal protection of the law. Plaintiffs fail to state how it is that the Mask Mandate, or any other related policy, discriminated against them. Plaintiffs again "provide no suggestion as to what the grounds for an equal protection violation may be" by identifying similarly situated individuals who were treated differently than Plaintiffs. *Robbins v. Oklahoma*, 519 F.3d 1242, 1253 (10th Cir. 2008). The undersigned recommends this claim be dismissed with prejudice.

    **C.**    **Any other state constitutional causes of action are also subject to dismissal.**

Simply citing to a constitutional provision is not adequate pleading. *Iqbal*, 556 U.S. at 678. Further, a plaintiff seeking damages for a Utah constitutional violation must first prove that the constitutional provision violated is self-executing. *Blackmore v. Carlson*, No. 4:21-CV-00026-DN-PK, 2021 WL 5638497, at *24 (D. Utah Dec. 1, 2021); *Finlinson v. Millard Cnty.*, 455 F. Supp. 3d 1232, 1239 (D. Utah 2020). After proving the constitutional provisions are self-executing, the plaintiff seeking damages for a Utah constitutional violation must establish the following three elements: (1) the plaintiff suffered a flagrant violation of his or her constitutional

11

rights; (2) existing remedies do not redress his or her injuries; and (3) equitable relief, such as an injunction, was and is wholly inadequate to protect the plaintiff's rights or redress his or her injuries." *Blackmore*, 2021 WL 5638497, at *24; *Finlinson*, 455 F. Supp. 3d at 1239.

Plaintiffs bring two claims under the Utah State Constitution (ECF 64-1 at 19–20). First, Plaintiffs argue that the state executive branch exceeded its constitutional authority by enacting "the 'Mask Mandate' pursuant to Utah Code §§ 26-1-10, 26-1-30, and 26-6-3" under Article V, section 1 (ECF 64-1 at ¶¶ 100–1). Second, Plaintiffs argue the Public Health Order "constituted an unconstitutional exercise of legislative power by the Executive Branch, in that it is not authorized by any statute" and that "[n]o provision of Article VII of the Utah Constitution allows a member of the Executive Branch to enact statewide edicts, merely because the Legislative Branch has failed to enact legislation that the Executive Branch would prefer" (*id.* at ¶ 104–5).

Like the rest of Plaintiffs' proposed amendments, Plaintiffs' amended state constitutional claims are subject to dismissal. As required by Utah law, for plaintiff to adequately plead constitutional violation claims for damages, Plaintiffs "must prove the constitutional violation is self-executing" and establish a flagrant violation of their constitutional rights, that existing remedies cannot redress their injuries, and that equitable relief is wholly inadequate to protect the plaintiff's rights or redress his or her injuries. *Blackmore*, 2021 WL 5638497, at *24. Plaintiffs do not meet this pleading requirement anywhere in the Second Amended Complaint. Here, like in the Amended Complaint, Plaintiffs do not plead any of these provisions' self-executing nature, nor do they establish any of the elements in the second prong of this analysis. These proposed amendments are therefore subject to dismissal.

Moreover, Plaintiffs' request for declaratory judgement as to their alleged suffered constitutional rights violations and against Defendant UDH and Mr. Saunders in that the Mask

Mandate and Public Health Order were unconstitutional are also subject to dismissal. When substantive claims have failed, a request for declaratory relief in relation to those claims is not viable. *Long v. Wells Fargo Bank, N.A.*, 670 F. App'x 670, 671–72 (10th Cir. 2016). This means that because the undersigned recommends that all of Plaintiffs' claims be dismissed, Plaintiffs are not entitled to relief in any form—declaratory, injunctive, or otherwise. The court therefore recommends that Plaintiffs' request for declaratory or injunctive relief be dismissed with prejudice.

### D.     Plaintiffs' Amendment to add Mr. Saunders is Untimely.

"Current parties unaffected by a proposed amendment do not have standing to assert claims of futility on behalf of proposed defendants." *SMHG Phase I LLC v. Eisenberg*, 1:22-cv-00035-DBB-JCB, 2023 WL 3821132, at *6 (D. Utah June 6, 2023) (quoting *Coleman v. Apple Eight Hosp. Mgmt., Inc.*, No. 16-1343-JTM, 2017 WL 1836974, at *3 (D. Kan. May 8, 2017)). Current parties "only possess standing to challenge an amended pleading directed to proposed new parties on basis of undue delay and/or prejudice." *Id.* (quoting *Bailey v. B. Braun Med. Inc.*, 1:16-cv-1544-WSD, 2017 WL 1547163, at *2 (N.D. Ga. May 1, 2017)).

Although "[r]ule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in the action," at some point the delay becomes "undue." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006). The Tenth Circuit "focuses primarily on the reasons for the delay." *Id.* at 1206. If the moving party "has no adequate explanation for the delay," the court has sufficient ground to deny leave to amend. *Id.* (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365–66 (10th Cir. 1993)).

The Second Amended Complaint seeks to "add Richard Saunders in his official capacity . . . as an additional defendant" because Plaintiffs allege Mr. Saunders "was the mechanism by

13

which the defendant school districts used to justify the chilling and denial of Plaintiff's constitutionally secured rights" (ECF 64 at 4).

As *SMHG Phase I LLC* above makes clear, the School District Defendants lack standing to challenge the addition of Mr. Saunders as a defendant to the case on futility grounds, and it does not appear Defendants argued undue delay or prejudice. The court, however, under its inherent authority, addresses Plaintiffs' proposed amendment to add Mr. Saunders as a party to this lawsuit under undue delay. For the reasons discussed below, the undersigned finds undue delay in adding Mr. Saunders as a party.

In addition to what the Motion states for the reasons to adding Ms. Saunders as a party to the case, the Second Amended Complaint alleges that Mr. Saunders, on August 14, 2020, signed UPHO-2020-11 into action, which is the public health order Plaintiffs bring their fifth claim under (ECF 64-1 at ¶ 29, 104). Construing this allegation as true, Mr. Saunders' actions that allegedly violated Plaintiffs' federal and state constitutional rights took place nearly 15 months before Plaintiff James K. Tracy filed his first Complaint (ECF 1) and nearly 18 months before filing the first Amended Complaint (ECF 39). If Plaintiffs were given leave to amend in this case, Mr. Saunders would be the only defendant left in this lawsuit and would first get notice of the suit more than three years after his alleged unconstitutional actions. The three-year delay between the filing of the lawsuit and notice of the lawsuit would be undue. Moreover, Plaintiffs have not explained the reason for the delay. *Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir.1994) ("[U]nexplained delay alone justifies the district court's discretionary decision."); *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir.1987) ("Courts have denied leave to amend in situations where the moving party cannot demonstrate excusable neglect. For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for

14

some time prior to the filing of the motion to amend."). Accordingly, the proposed amendment to add Mr. Saunders to the case is untimely.

The undersigned therefore RECOMMENDS the court DENY this amendment. Moreover, because even pro se plaintiffs may only get so many bites at the apple, and Plaintiffs plainly failed to cure the Amended Complaint, the court finds that granting leave to amend the Second Amended Complaint would be futile. The undersigned therefore also RECOMMENDS that the court DISMISS the case with prejudice.

## IV.     RECOMMENDATION

For the foregoing reasons, the undersigned therefore RECOMMENDS as follows:

1. Plaintiffs' Motion (ECF 64) be DENIED; and
2. Plaintiffs' claims be dismissed with prejudice.

## V.     NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 21 July 2023.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah