IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISON

| | |
|---|---|
| JAMES K. TRACY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JEFF STEPHENS, JON RITCHIE, JAN BURRELL, DEAN OBORN, DOUGLAS HURST, JANIS CHRISTENSEN, PAUL WIDDISON, BRUCE JARDINE, and WEBER SCHOOL DISTRICT,<br><br>　　　　　Defendants,<br><br>ALENA ERICKSEN and MIKEL BROWN,<br><br>　　　　　Consolidated Plaintiffs,<br><br>v.<br><br>REID NEWEY, JOHN ROBISON, MARIE STEVENSON, LIZ MUMFORD, JULIE TANNER, BRIGIT GERRARD, GORDON ECKERSLEY, CHERYL PHIPPS, and DAVIS SCHOOL DISTRICT,<br><br>　　　　　Consolidated Defendants. | **ORDER AND MEMORANDUM DECISION ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 1:21-cv-00152-TC-CMR<br><br>District Judge Tena Campbell<br>Magistrate Judge Cecilia M. Romero |

　　　　On July 21, 2023, United States Magistrate Judge Cecilia M. Romero issued a Report and Recommendation (R&R) recommending that the court deny the Plaintiffs' motion to amend their amended complaint and dismiss the Plaintiffs' case with prejudice. (ECF No. 69.)

　　　　More than 14 days have passed and the Plaintiffs have not objected. 28 U.S.C. § 636(b)(1)(C). The court therefore reviews the R&R for clear error. Fed. R. Civ. P. 72 Advisory Committee Notes 1983 Addition Subdivision (b). Finding no clear error, and for the additional reasons stated below, the court adopts Judge Romero's R&R and dismisses the Plaintiffs' case with prejudice.

**BACKGROUND**

The factual and procedural background are more fully set out in the R&R, as well as in a prior R&R that Judge Romero issued on August 8, 2022 (ECF No. 59). In short, the Plaintiffs challenge the adoption and implementation of Public Health Order 2020-11, a policy related to the COVID-19 pandemic that included, most notably, a mask mandate. On November 17, 2023, the Plaintiffs sought leave to file a Second Amended Complaint after the court dismissed certain claims in the First Amended Complaint without prejudice. (ECF No. 64.)

Federal Rule of Civil Procedure 15 provides that "court[s] should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). But a district court may refuse to allow amendment when it is unduly delayed, when it will prejudice the other party, when it is made in bad faith or with a dilatory motive, or when the amendment would be futile. Minter v. Prime Equip. Co., 451 F.3d 1196, 1204–08 (10th Cir. 2006); Anderson v. Suiters, 499 F.3d 1228, 1238 (10th Cir 2007). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." Anderson, 499 F.3d at 1238 (citation omitted).

**ANALYSIS**

**1. The Plaintiffs' Proposed Free Exercise Claim is Futile and Should be Dismissed with Prejudice.**

The court adopts Judge Romero's recommendation to dismiss the Plaintiffs' free exercise claim because the Plaintiffs have not shown that the policy burdens their religious beliefs. But even if the Plaintiffs were able to make this showing, the court finds that the Plaintiffs have nevertheless failed to state a claim for a violation of the Free Exercise Clause. The court therefore dismisses the Plaintiffs' free exercise claim with prejudice.

The Free Exercise Clause of the First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof …." Emp.

Div. v. Smith, 494 U.S. 872, 877 (1990) (quoting U.S. Const. amend. I).  To establish a violation of the Free Exercise Clause, a plaintiff must show "that a government entity has burdened his sincere religious practice pursuant to a policy that is not neutral or generally applicable." Kennedy v. Bremerton Sch. Dist., 142 S. Ct. 2407, 2421–22 (2022) (citation omitted).  The plaintiff must therefore demonstrate that their beliefs are religious in nature and that their beliefs are sincerely held.  Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007).

A government policy is not "neutral" if it is "specifically directed at … religious practice."  Kennedy, 142 S. Ct. at 2422 (quoting Smith, 494 U.S. at 878).  A nonneutral policy can be "discriminat[ory] on its face" but a facially neutral policy may also violate the Free Exercise Clause if the policy's "object" is to discriminate against religious practice.  Id. (quoting Church of Lukumi Babalu Aye, Inc. v. Hialeah, 508 U.S. 520, 533 (1993)).

A government policy is not "generally applicable" if it "invite[s] the government to consider the particular reasons for a person's conduct by providing a mechanism for individualized exemptions."  Fulton v. City of Phila., 141 S. Ct. 1868, 1877 (2021) (citing Smith, 494 U.S. at 884).  Nor is it generally applicable if it "prohibits religious conduct while permitting secular conduct that undermines the government's asserted interests in a similar way."  Id. (citation omitted).

Where a plaintiff can show a government policy fails either the neutrality or general applicability tests, the court should apply strict scrutiny review.  Kennedy, 142 S. Ct. at 2422 (citation omitted).  But when a plaintiff cannot show a government policy fails either test, the policy is subject to rational basis review.  Does 1-6 v. Mills, 16 F.4th 20, 32 (1st Cir. 2021).

The Plaintiffs fail to state a free exercise claim for two reasons. First, as Judge Romero identifies, the Plaintiffs have not pled facts to show that the Defendants burdened a sincere religious practice or belief. (ECF No. 69 at 6–7.)

But even if Plaintiffs had sufficiently alleged a burden on their exercise of religion, their proposed claim is still futile. The Plaintiffs have failed to plead facts sufficient to show that the Defendants' policy is not neutral or generally applicable. The policy was not "specifically directed at … religious practice." Kennedy, 142 S. Ct. at 2422 (quoting Smith, 494 U.S. at 878). The policy is therefore unlike the pandemic-related policies at issue in Roman Catholic Diocese of Brooklyn v. Cuomo, 141 S. Ct. 63, 66 (2020). There, the Court found that the regulations "single[d] out houses of worship for especially harsh treatment." Id. The regulations "restrict[ed] … attendance at religious services in areas … classified as 'red' or 'orange' zones. In red zones, no more than 10 persons [could] attend each religious service, and in orange zones, attendance [wa]s capped at 25." Id. at 65–66. These restrictions were harsher than those imposed on comparable secular facilities. See id. at 66 ("In a red zone, while a synagogue or church may not admit more than 10 persons, [essential] businesses[, including acupuncture facilities, camp grounds, … and all transportation facilities] may admit as many people as they wish."). Here, the policy did "not single out, or make any reference to, a religion or any religious practice." Bush v. Fantasia, No. 21-cv-11794, 2022 WL 4134501, at *6 (D. Mass. Sept. 12, 2022). The policy is facially neutral, and the Plaintiffs have not shown any evidence that the Defendants adopted or implemented the policy with a discriminatory purpose.

The Plaintiffs also fail to show that the policy was not generally applicable. The policy did not "invite[] the government to consider the particular reasons for a person's conduct by providing a mechanism for individualized exemptions." Fulton, 141 S. Ct. at 1877 (citing Smith,

4

494 U.S. at 884). Nor did it "prohibit[] religious conduct while permitting secular conduct that undermines the government's asserted interests in a similar way." Id. (citation omitted).

The only exemptions "to the Mask Mandate as laid out in the Public Health Order, adopted by Defendant School Districts, are [for] children under the age of 3 years … [and for] individual[s] with … medical condition[s] as defined within … the Mask Mandate." (ECF No. 64-1 at ¶¶ 37, 46.) But the exemption for young children is a practical consideration. And the exemption for medical conditions does not undercut the Defendants' goals of stemming the spread of the COVID-19 virus in their schools. See Does 1-6, 16 F.4th at 31–32 (finding that a policy allowing a medical exemption was generally applicable because the exemption did not undermine Maine's goals of protecting public health and safety, whereas a religious exemption would). Both exemptions recognize that the policy here could pose a physical health risk to some groups of people. Id. at 31. Yet that recognition aligns with Defendants' goals of keeping students and staff in their schools safe.[1] Therefore, the court finds that the Defendants' policy was generally applicable.

Because the policy is neutral and generally applicable, the Plaintiffs must demonstrate that the policies fail rational basis review to state a Free Exercise claim. But stemming the spread of COVID-19 is "unquestionably a compelling interest[.]" Roman Cath. Diocese of Brooklyn, 141 S. Ct. at 67. And "requirements for face coverings also reduce the chance that respiratory droplets containing the virus will infect others," therefore serving as a "means of

---

[1] There are additional exemptions to the policy that the Plaintiffs do not challenge. (See ECF No. 64-3 at 2–3.) But like the exemptions mentioned above, these align with Defendants' goals of keeping students and staff in their schools safe. (Id. (exempting, for example, "individual[s] who [are] outdoors while maintaining a physical distance of at least six feet from any other individual … ;" and "individual[s] engaged in an activity where the ability to see the mouth is essential for communication ….."))

preventing the spread of COVID-19[.]" Antietam Battlefield KOA v. Hogan, 461 F. Supp. 3d 214, 229 (D. Md. 2020) (citation omitted). Accordingly, the Plaintiffs have again failed to state a free exercise claim and the court finds that additional amendment would be futile.

### 2. The Plaintiffs' Proposed Substantive Due Process Claim is Futile and Should be Dismissed with Prejudice.

The court adopts Judge Romero's recommendation to dismiss the Plaintiffs' substantive due process claim with prejudice.

The Supreme Court has held that "a competent person has a constitutionally protected liberty interest in refusing medical treatment." Cruzan by Cruzan v. Dir., Mo. Dept. of Health, 497 U.S. 261, 278 (1990). But a policy requiring individuals to wear a face mask to prevent the transmission of COVID-19 does not rise to the level of forced medical treatment. See Klaassen v. Trs. of Ind. Univ., 7 F.4th 592, 593 (7th Cir. 2021) (finding that a policy requiring students to wear masks and be vaccinated against and tested for COVID-19 was not constitutionally problematic). Because the Defendants' policy did not implicate a fundamental right, the court is unable to find that the facts as alleged here are sufficient to support a plausible basis for relief.

### 3. The Plaintiffs' Proposed Equal Protection Clause Claim is Futile and Should be Dismissed with Prejudice.

Finding no clear error, the court adopts Judge Romero's recommendation to dismiss Plaintiffs' equal protection claim with prejudice.

### 4. The Plaintiffs' Proposed Utah State Constitutional Claims are Futile and Should be Dismissed with Prejudice.

The court adopts Judge Romero's recommendation to dismiss the Plaintiffs' Utah state constitutional claims with prejudice. Plaintiffs contend that by adopting Public Health Order 2020-11, the Utah executive branch exceeded its authority under Utah Constitution Article V, Section 1. (ECF No. 64-1 at ¶¶ 99–101) ("[This] constitute[d] an unconstitutional delegation of

legislative authority to the Executive Branch."). Plaintiffs next contend that in adopting Public Health Order 2020-11, the Utah executive branch exceeded its authority under Utah Constitution Article V, Section 1. (See id. ¶¶ 102–106 ("The Public Health Order constituted an unconstitutional exercise of legislative power by the Executive Branch … it is not authorized by any statute … [and] … the Utah Constitution [does not] allow[] … the Executive Branch to enact statewide edicts ….").)

The Plaintiffs do not allege any facts on either violation that allow the court to infer claims for plausible relief. Defendants did not exceed the scope of their authority by adopting the Public Health Order. See South Bay United Pentecostal Church v. Newsom, 140 S. Ct. 1613, 1613 (2020) (Roberts, J., concurring) ("Our Constitution principally entrusts the safety and the health of the people to the politically accountable officials of the States to guard and protect.") (citation omitted); see also Utah Code Ann. § 26-6-3 (giving Utah Department of Health "authority to investigate and control the causes of epidemic infections and communicable disease"). While the Plaintiffs allege that Public Health Order 2020-11 was issued without holding public comments, as required by the Administrative Procedure Act (APA), the Plaintiffs are mistaken. The APA governs how federal agencies make rules. 5 U.S.C. §§ 551, 553. These claims are therefore futile.

The court finds that because the Plaintiffs are no longer seeking monetary damages against the Defendants (see ECF No. 64-1 at 21 (seeking only declaratory relief and nominal damages)), the Plaintiffs need not show that the relevant constitutional provisions are self-executing or demonstrate the additional three elements discussed by Judge Romero: "(1) the plaintiff suffered a flagrant violation of [their] constitutional rights; (2) existing remedies do not redress [their] injuries; and (3) equitable relief … was and is wholly inadequate to protect the

plaintiff's rights or redress [their] injuries." Jensen ex rel. Jensen v. Cunningham, 250 P.3d 465, 478 (Utah 2011).

And by removing their claims for monetary damages, the Plaintiffs have mooted their claims for non-monetary relief, as the Defendants' policy is no longer in effect. (See ECF No. 64-3 at 4 (stating that the policy will remain in effect until December 31, 2020).) Though the Supreme Court has recognized a plaintiff can have a redressable injury where the only remedy sought for a constitutional violation is nominal damages, Uzuegbunam v. Preczewski, 141 S. Ct. 792, 797 (2021), the Plaintiffs here have only sought nominal damages against the School District Defendants. (ECF No. 64-1 at 21.) Therefore, they are only seeking a declaratory judgment against Defendants Utah Department of Health and Richard Saunders. (Id.) But "[a] declaratory judgment on the validity of a repealed ordinance is a textbook example of advising what the law would be upon a hypothetical state of facts." Nat'l Advert. Co. v. City & Cnty. of Denver, 912 F.2d 405, 412 (10th Cir. 1990) (cleaned up).

5. **The Plaintiffs' Proposed Amendment Adding Richard Saunders as a Defendant is Futile and Should be Denied.**

The court agrees with Judge Romero that the request to add Mr. Saunders as a Defendant at this stage in the litigation is unduly delayed. Therefore, the court denies the Plaintiffs leave to add Mr. Saunders as a Defendant.

### ORDER

The court has carefully reviewed Judge Romero's R&R and discerns no clear error. Therefore, and for the reasons stated above, the court ADOPTS the R&R (ECF No. 69). The court DENIES the Plaintiffs' Motion to Amend (ECF No. 64) and DISMISSES this action WITH PREJUDICE.

DATED this 28th day of September, 2023.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge

9